[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an eviction action brought by the Housing Authority of the City of Danbury (Housing Authority) against Dorothy Hilton (Hilton). The relevant facts as found by this court are as follows. Hilton has resided in Crosby Manor, public housing owned and managed by the Housing Authority, for approximately three years. After some dispute regarding Hilton's compliance with the lease provisions, she and the Housing Authority entered into a stipulation on February 26, 1996, before the court, and Hilton was represented by counsel.
The stipulation provided that judgment for possession of the premises would be entered in favor of the Housing Authority with a stay of execution through August 31, 1996, and that until such time both parties were to comply with the provisions of the lease. In addition, it provided that Hilton's son Aaron would only be permitted to visit her twice a week, and only between the hours of 9 a.m. and 9 p.m. Further, the stipulation provided that the Housing Authority would provide Hilton with a positive recommendation to any prospective landlord, and that the Housing Authority retained the right to seek a hearing regarding termination should Hilton fail to comply with any of the CT Page 5370-FF aforementioned provisions.
The Housing Authority has filed an affidavit alleging noncompliance by Hilton with the provisions of the stipulation and seeks termination of her stay. At a hearing on September 4, 1996, this court heard testimony from several witnesses regarding Hilton's noncompliance with the lease provisions and the terms of the stipulation. The particular concerns brought out at the hearing concerned Hilton's failure to keep her apartment and the common area surrounding it clean, her abusive and disruptive behavior towards other residents in the complex, visits by Hilton's son during prohibited hours, and Hilton's unauthorized installation of an air conditioner in her apartment. The court finds the testimony of the following individuals credible and relevant.
Elizabeth Gutierrez, the assistant project manager of the Housing Authority, testified that the hallway outside of Hilton's apartment was "filthy and smelly," with garbage and debris lying in front of her door. Gutierrez testified that other residents had complained to her about Hilton's behavior and about the smell emanating from her apartment.
Kenneth Catone, a tenant who lives above Hilton, testified that he has seen Hilton's son Aaron at her apartment at times prohibited by the stipulation. He also testified that he has heard Hilton and her son arguing violently at times, with Aaron "hollering and swearing" at Hilton. Finally, Catone testified to the garbage lying in the common area outside Hilton's apartment and the unpleasant smell coming from the apartment, which he described as smelling like garbage, mildew and smoke. He stated that there were cigarette butts, soda cans and other debris discarded in the common area, which he had cleaned up himself a number of times.
Other tenants in Crosby Manor testified regarding Hilton's loud and sometimes abusive behavior towards other residents. On one occasion, the police had to be called to investigate a complaint about Hilton made by a neighbor, although no one was arrested.
The court finds that Hilton violated the provisions of her lease and the stipulation entered into with the Housing Authority in the following ways: (1) she failed to keep her apartment and common area in a clean and sanitary condition as required by CT Page 5370-GG parts II(a)-(c) of the lease; (2) she installed an air conditioner in her apartment without prior approval of the Housing Authority[1] as required by part II(q) of the lease; and (3) her son visited her at times and with a frequency which violated the terms of the stipulation entered into by the parties.
The court notes that Hilton testified as to her poor health and the need, for a certain period, for a home health care worker to assist her with her daily routines. To some extent, the court understands why it may have been necessary for Hilton's son to have visited his mother to care for her health needs. However, Hilton was represented by counsel when she entered into the stipulation regarding her son's visiting hours, and her counsel could have easily contacted the Housing Authority to request a modification of the stipulation due to Hilton's deteriorating health. While Hilton's medical condition is a mitigating factor in assessing her breach of the lease and stipulation, the court finds that Hilton made no effort, through her attorney or otherwise, to advise the Housing Authority of any extenuating circumstances due to her poor health.
Finally, since the lease was to expire in any event on August 31, 1996, and since the stipulation provided that the Housing Authority would give Hilton a positive recommendation to prospective landlords, it is clear that the parties did not intend for Hilton to reside in Crosby Manor indefinitely. In addition, this court is particularly concerned about the welfare of the remaining tenants in the complex, and finds credible testimony to the effect that Hilton was a noisy, discourteous neighbor who did not keep her apartment and the surrounding area in a clean and sanitary condition. Not only was her behavior violative of the lease, but it significantly impacted the other tenants in the apartment complex.
The court finds, therefore, that the defendant has violated the stipulation and that the stay is, accordingly, terminated on September 25, 1996, at noon. Failure on the defendant's part to vacate on or before that time will result in an immediate execution.
Grogins, J.